FILED
2017 Jul-25  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **PRISCILLA WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** _____ |
| | ) | |
| | ) | **JURY DEMAND** |
| **GOODYEAR TIRE & RUBBER** | ) | |
| **CO., UNITED STEEL WORKERS** | ) | |
| **LOCAL #12, JIM CURLIN, and** | ) | |
| **RYAN MOODY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.     This is an action for equitable and legal relief to redress unlawful discrimination based on sex, including sexual harassment, race, including racial harassment, and/or retaliation, including retaliatory harassment, against the plaintiff. The suit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"), and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination in employment, including illegal harassment. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claim of negligent and/or wanton, training,

supervision, and/or retention because all such claims arise from a "common nucleus of operative fact." The plaintiff seeks a declaratory judgment, injunctive relief, and other equitable remedies, including backpay and reinstatement, as well as compensatory and punitive damages, costs, attorneys' fees and expenses.

## II.   **JURISDICTION & VENUE**

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201, 2202, and 42 U.S.C. §2000e-5(f)(3).

3.   The unlawful employment practices alleged were committed by the defendant within Etowah County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

4.   The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by jury.

## III.   **ADMINISTRATIVE PREREQUISITES**

5.   The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

6.     The plaintiff timely filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC"), which was assigned two charge numbers, Charge Number 420-2016-2440 (Goodyear) and Charge Number 420-2016-2441 (USW) alleging, *inter alia*, an illegal hostile work environment and/or harassment resulting in her demotion based upon sex, race, color, national origin, and retaliation for resisting and opposing this discrimination as well as complaints about the same. Attachments 1 & 2. The EEOC issued the plaintiff Notice of Right to Sue for both charges which were dated April 25, 2017. Attachments 3 & 4. The plaintiff received both notices several days later and has timely filed this Complaint within 90 days of receipt of that notice.

7.     The plaintiff's claims for discrimination based on race under 42 U.S.C. § 1981 do not require administrative exhaustion.

## IV.   **PARTIES**

8.     The plaintiff Priscilla Williams is an African-American female citizen of the United States, is over the age of nineteen (19), and a resident of the State of Alabama.  Williams was an employee of Goodyear Tire & Rubber Co. at all times relevant to this litigation. The plaintiff's race, color, national origin, ancestry, lineage, and ethnicity are African-American or black.

9.     The defendant Goodyear Tire & Rubber Co. (hereinafter "Goodyear") has more than fifteen (15) employees and conducts business in Etowah County, Alabama, which is in this district. The defendant was the plaintiff's employer at all times relevant to this action within the meaning of Title VII of the Civil Rights Act of 1964 and is a person subject to suit under 42 U.S.C. §1981. This Court's jurisdiction extends over the related state law claim of negligent and/or wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

10.    The defendant United Steelworkers Local #12 (hereinafter "USW") has more than fifteen (15) employees and conducts business in Etowah County, Alabama, which is in this district. The defendant was the plaintiff's employer at all times relevant to this action within the meaning of Title VII of the Civil Rights Act of 1964 and is a person subject to suit under 42 U.S.C. §1981. This Court's jurisdiction extends over the related state law claim of negligent and/or wanton, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

11.    The defendant Jim Curlin (hereinafter  "Curlin" or "defendant") is a person subject to suit under 42 U.S.C. §1981.

12.    The defendant Ryan Moody (hereinafter "Moody" or "defendant") is a person

subject to suit under 42 U.S.C. §1981.

## IV.   <u>STATEMENT OF FACTS</u>

13.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

14.   The plaintiff was hired by Goodyear on or about July 20, 2015.

15.   The plaintiff was trained with three other employees.

16.   Shortly after the plaintiff was hired, Goodyear Area managers Jim Curlin (Caucasian) and Ryan Moody (Caucasian) began to discriminate against her by harassing her because of her sex and/or race.

17.   The plaintiff was given verbal discipline and written discipline on numerous occasions for issues which were either a normal part of the production process or which were outside of her control. Goodyear Area managers Jim Curlin (Caucasian) and Ryan Moody (Caucasian) claimed that the plaintiff had committed alleged workmanship infractions. Several of these workmanship infractions were caused by Curlin and/or Moody which they knew they caused at the time.

18.   Goodyear employees are required to shut down equipment that is not performing and alert maintenance. Williams followed the guidelines that she had been trained to follow. Curlin and Moody would ignore Williams

maintenance tickets and restart the equipment when it needed maintenance. Then, Curlin and Moody would blame Williams for manufacturing defects which resulted from their failure to listen to her or follow Goodyear maintenance guidelines.

19. The plaintiff complained to Human Resources Manager Rob McNeely (Caucasian) and complained that she was not causing the operation to run bad tires. Williams complained that Curlin and Moody were starting the lines when there were problems, which caused the bad tires.

20. A "double eagle" is created when a tire is stuck inside the press and another tire is loaded into the press causing two tires to be melted together. To create a double eagle, a cured tire must be already inside the press and another tire is loaded on top of it.

21. Numerous male employees have had double-eagle tires who have not been disciplined for same, including, but not limited to the following: Billy Humphrey (white male), Ron Miller (Union Representative/African-American male), and Marcellus Mostella (African-American male).

22. The contract between the Goodyear and USW allows employees twelve (12) minute breaks. The employees in Curlin and Moody's department were allowed additional time by custom because of the nature of the work. However,

Curlin and Moody would not allow Williams the same extra time allowed by custom to the male employees. Williams was not allowed the additional time, but was required to relieve her male partner from his extended breaks. Williams' male partner was never written up. Likewise, Ron Miller and Justin Weaver were allowed breaks longer than twelve (12) minutes, but were not written.

23.   On one occasion, Moody wrote Williams up based on her scan times even though she was on her line and working on a ball up on the belt behind her press line at the time. Moody went to Williams' USW representative, Ron Miller, and told him Williams line was tripped out.

24.   Goodyear provides employees guidelines on to handle a press that goes down, depending upon whether it is within specifications. Employees are required to save the tire and run more around if the machine is within specifications. If the machine is out of specification, employees are required to shut down the press and put a ticket in for a GMM. If a press is down for five minutes it will cause an operator delay.

25.   Area Manager James Curlin harassed Williams on her line while she was trying to perform her job. Curlin wrote Williams up for a bad tire that he created when he started the press. Curlin told Williams she was going to be terminated.

Williams complained to her USW representative that Curlin had actually created the bad tire. The USW representative told Williams that they could not discipline her for that. Curlin was moved to a different department after it was discovered that Williams, in fact, did not make the bad tire.

26.    During the meeting regarding this discipline, Human Resources Manager Rob McNeely told Williams, "I should just walk you out right now," meaning he should terminate Williams.

27.    During this time period, three different union representatives came to Williams and claimed Curlin was saying Williams was "just gonna make her job harder than it already is." The next time Williams worked, she was told that Curlin announced he was moving to a different department.  Goodyear attempted to make Williams believe Curlin was being punished by being transferred.

28.    On or about October 24, 2015, Goodyear falsely alleged Williams let a machine go down because she was operating it incorrectly. On October 24, 2015, Williams was written up for "insufficient effort," stating she would allow the presses to go down. However, Goodyear has equipped the presses with alarms. Goodyear trained Williams that if an alarm goes off, the employee is required to check to see if the press is operating within specifications and, if so, to reset it. If the alarm sounds again, she is required to have it examined

and, if needed repaired. If the tire is out of specification then employees are required to put the tire to the side and put a ticket on it. They have "spec" sheets that provide this information.

29.  Jim Curlin and Ryan Moody did not follow these guidelines and would remove her tickets from the system and re-start the presses. Williams operated each press according to the guidelines. Williams did not allow the machines to be restarted when guidelines required that they be examined and repaired.

30.  On or about December 16, 2015, Goodyear falsely alleged that Williams had another double cure of a tire which caused it to be scrapped. On December 16, 2015, Williams scanned every tire she laid. However, Curlin and Moody would restart the presses. Curlin and Moody gave Williams this write up after several failed attempts to write Williams up for other double eagles which Williams saw Curlin and Moody cause. Williams wrote a detailed note in rebuttal on this write up because by this time she was very aware of the fact that she was being discriminated against.

31.  Williams' USW representative James Tuberville ("Turbo") told Williams that Curlin and Moddy were discriminating against her and told her to watch her back. Tuberville also told Williams that during any meetings he would side with the area managers. On this occasion, someone other than Williams started

the presses, which created the double eagle.

32. On or about June 19, 2016, Goodyear falsely alleged Ms. Williams had another production mistake and claimed she cured a tire with a large blue plastic handle inside the tire. This particular tire was made on Williams' last day on the night shift. There is no way to get a press to close with a paddle inside. There are too many sensors. Dale Kasey and several other operators tried and were unable to get it to work. To do this, there would have to be one person holding the paddle in place, while another person pressed the button. Williams saw it pulled out of the press. Nothing was done until 10 days later after she was on day shift. Williams' two new area managers Keith Tucker and Paul Wink who she'd been working under for ten days went to Human Resources and asked them not to terminate her. Williams had no issues under these managers.

33. On June 7, 2016, the plaintiff filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC"), which was assigned two charge numbers, Charge Number 420-2016-02440 (Goodyear) and Charge Number 420-2016-2441 (USW), alleging, *inter alia*, an illegal hostile work environment and/or harassment resulting in her demotion based upon sex, race, color, national origin, and retaliation for resisting and opposing this discrimination as well as complaints about the same. Attachment 1 & 2.

## V.   <u>DAMAGES</u>

34.   The plaintiff is now suffering, and will continue to suffer irreparable injury from the defendants' unlawful conduct as set forth herein unless enjoined by this Court.

35.   The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendants' unlawful conduct.

36.   The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

<u>COUNT I: DISCRIMINATION
(HARASSMENT) ON THE BASIS OF SEX
IN VIOLATION OF TITLE VII</u>

37.   The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

38.   The defendant Goodyear and or USW intentionally discriminated against the plaintiff on the basis of her sex with regard to job assignments, discipline, and other terms and conditions of employment.

39.     The actions of the defendant Goodyear, with cooperation and approval of USW, created a hostile work environment for the plaintiff which was based on sex and was continuous in nature during her employment.  The hostile work environment was a continuing violation of Title VII.

40.     The defendant Goodyear, with cooperation and approval of USW, engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

41.     As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

42.     This claim is brought against the defendant Goodyear as the plaintiff's employer under Title VII and USW as a labor union with the obligation to represent her in a non-discriminatory manner, but not against individual defendants Curlin and Moody.

### COUNT II: DISCRIMINATION (TERMINATION) ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

43.     The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

44.     The defendant Goodyear, with cooperation and approval of USW, intentionally discriminated against the plaintiff on the basis of her sex with regard to job

assignments, discipline, and other terms and conditions of employment, by reducing her responsibilities and limiting her opportunities for advancement, including initiated a process which resulted in her termination in violation of Title VII.

45. The defendant Goodyear, with cooperation and approval of USW, engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

46. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

47. The defendant Goodyear, with cooperation and approval from USW, engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

48. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

49. This claim is brought against the defendant Goodyear as the plaintiff's employer under Title VII and USW as a labor union with the obligation to represent her in a non-discriminatory manner, but not against individual defendants Curlin and Moody.

## **COUNT III: DISCRIMINATION**

## (HARASSMENT) ON THE BASIS OF RACE
## IN VIOLATION OF TITLE VII

50.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

51.    The defendant Goodyear and or USW intentionally discriminated against the plaintiff on the basis of her race with regard to job assignments, discipline, and other terms and conditions of employment.

52.    The actions of the defendant Goodyear, with cooperation and approval of USW, created a hostile work environment for the plaintiff which was based on race and was continuous in nature during her employment.  The hostile work environment was a continuing violation of Title VII.

53.    The defendant Goodyear, with cooperation and approval of USW, engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

54.    As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

55.    This claim is brought against the defendant Goodyear as the plaintiff's employer under Title VII and USW as a labor union with the obligation to represent her in a non-discriminatory manner, but not against the individual

defendants.

## COUNT IV: DISCRIMINATION
## (TERMINATION) ON THE BASIS
## OF RACE IN VIOLATION OF TITLE VII

56.    The plaintiff re-alleges all of the allegations in the complaint and incorporates
the same by reference herein.

57.    The defendant Goodyear, with cooperation and approval of USW, intentionally
discriminated against the plaintiff on the basis of her race with regard to job
assignments, discipline, and other terms and conditions of employment,
including her termination in violation of Title VII.

58.    The defendant Goodyear, with cooperation and assistance from USW, engaged
in the practices complained of herein with malice and/or reckless indifference
to the plaintiff's federally protected rights.

59.    As a result and consequence of the defendants' actions, the plaintiff has
suffered pain, financial damage, embarrassment, trauma and humiliation.

60.    This claim is brought against the defendant Goodyear as the plaintiff's
employer under Title VII and USW as a labor union with the obligation to
represent her in a non-discriminatory manner, but not against individual
defendants Curlin and Moody.

## COUNT V: DISCRIMINATION (TERMINATION) ON THE

## BASIS OF RACE IN VIOLATION OF 42 U.S.C. §1981

61.     The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

62.     The defendants Goodyear, USW, Curlin and Moody intentionally discriminated against the plaintiff on the basis of her race with regard to job assignments, discipline, and other terms and conditions of employment, including her termination in violation of 42 U.S.C. §1981.

63.     The defendants Goodyear, USW, Curlin and Moody engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

64.     As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

65.     This claim is brought pursuant to both  under 42 U.S.C. §1981, against the defendant Goodyear as the plaintiff's employer, against USW as the labor union with an obligation to represent her, and against individual defendants Curlin and Moody as a person subject to suit.

## COUNT VI: RETALIATION (HARASSMENT) IN VIOLATION OF TITLE VII

66.     The plaintiff re-alleges all of the allegations in the complaint and incorporates

the same by reference herein.

67. The plaintiff engaged in protected opposition to illegal discrimination when she refused to consent to the hostile work environment created by Curlin and Moody.

68. The plaintiff engaged in protected activity to illegal discrimination when she complained about sex discrimination, including sexual harassment.

69. The defendant Goodyear, with cooperation and approval of USW, discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII.

70. The actions of the defendants Goodyear and USW created a hostile work environment for the plaintiff which was based on retaliation and was continuous in nature during her employment.  The hostile work environment was a continuing violation pursuant to Title VII.

71. The defendants Goodyear and USW discriminated against the plaintiff by creating and tolerating a retaliatory hostile work environment, which included ultimately terminating the plaintiff's employment in violation of Title VII.

72. The defendants Goodyear and USW engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally

protected rights.

73. As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

74. This claim is brought against the defendant Goodyear as the plaintiff's employer and against the defendant USW as a labor union with the obligation to represent her under Title VII and not against individual defendants Curlin and Moody.

## COUNT VII: RETALIATION (TERMINATION) IN VIOLATION OF TITLE VII

75. The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

76. The plaintiff engaged in protected opposition to illegal discrimination when she refused to consent to the hostile work environment created by Curlin and Moody.

77. The plaintiff engaged in protected activity to illegal discrimination when she complained about sex discrimination, including sexual harassment.

78. The defendants Goodyear and USW discriminated against the plaintiff on the basis of retaliation with respect to job assignments, discipline, other terms, conditions, and privileges of employment in violation of Title VII.

79.    The defendants Goodyear and USW discriminated against the plaintiff by creating a retaliatory hostile work environment and ultimately terminating the plaintiff's employment in violation of Title VII.

80.    The defendants Goodyear and USW engaged in the practices complained of herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

81.    As a result and consequence of the defendants' actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

82.    This claim is brought against the defendant Goodyear as the plaintiff's employer and against USW as a labor union obligation to represent her under Title VII, but not against individual defendants Curlin and Moody.

## COUNT VIII: NEGLIGENT AND/OR WANTON SUPERVISION,  TRAINING, AND/OR RETENTION

83.    The plaintiff re-alleges all of the allegations in the complaint and incorporates the same by reference herein.

84.    This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who sexually harassed the plaintiff.

85.    The defendant Goodyear negligently and/or wantonly failed to adequately

supervise, train, and/or retain its agents or employees who sexually harassed the plaintiff which proximately caused the sexual harassment and/or the retaliation against the plaintiff.

86.    This behavior proximately caused the plaintiff to suffer great emotional distress for which she claims compensatory and punitive damages from defendant Goodyear.

87.    This claim is brought against defendant Goodyear as the plaintiff's employer and not against USW or the individual defendants.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

2.    Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and on the defendants' behalf from continuing to violate Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. §1981.

3.    Issue an injunction ordering the defendants not to engage in

discrimination and acts which violate Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. §1981.

4.     Grant the plaintiff an order requiring the defendants to make the plaintiff whole by reinstating her in the position she would have occupied in the absence of the discrimination as set out herein, backpay (plus interest), compensatory, and punitive damages.

5.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard (asb-8969-b59h)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
Counsel for Plaintiff

</div>

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

<div style="margin-left:40%">

*/s/ H. Wallace Blizzard*
OF COUNSEL

</div>

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 420-2016-02440 |
| ☒ EEOC | |

**PLAINTIFF'S EXHIBIT 1**

_____ State or local Agency, if any _____ and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Priscilla Williams | ▮▮▮▮▮ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮ | Attalla, AL 35954 | ▮▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Goodyear Tire & Rubber Co. | Over 15 | (256) 549-2228 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 922 E. Meighan Blvd. | Gadsden, AL 35903 | Etowah |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| United Steel Workers Local #12 | (256) 546-4633 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 110 Hoke Street | East Gadsden, AL 35903 | Etowah |

**RECEIVED**

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | |
|---|---|
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL) |
| ☐ AGE | February 2016 |
| ☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER | ☐ CONTINUING ACTION |

JUN 07 2016
E.E.O.C.
BIRMINGHAM DISTRICT

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Priscilla Williams (African-American female), was hired by Goodyear Tire & Rubber Co. on July 20, 2015. I was trained with three other employees. Shortly after my hire, I began to be harassed and discriminated against based on my gender, female, and race, African-American by my Area Managers, Jim Curlin (Caucasian) and Ryan Moody (Caucasian). I have been written up on numerous occasions for alleged workmanship infractions and other alleged offenses by Curlin and Moody. I went to Rob McNeely, Human Resources Department (Caucasian), and complained that I was not having the bad tires, and that someone else had started the press. Upon information and belief, I am being treated differently based on my sex and race. (Continued on the attached sheet).

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) _Quin Thompson_ |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT _Priscilla Williams_ |
| 6/6/2016 _Priscilla Williams_ Date     Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 6 6 2016 |

EEOC FORM 5 (10/94)

THOMPSON
NOTARY PUBLIC
FEBRUARY 18, 20
STATE OF ALABAMA

Priscilla Williams - EEOC Charge
Page 2

*024/40*

The Respondent has also engaged in a pattern or practice of disparate treatment and/or disparate impact against: (1) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole and (2) female employees, applicants and potential applicants for employment throughout the company as a whole. Such pattern or practice has adversely affected (a) African-American and other black employees, applicants and potential applicants for employment, including myself, as a class and (b) female employees, applicants and potential applicants for employment throughout the company, including myself, as a class.

On information and belief, all such race and sex disparate treatment has adversely affected me and other African-American, female employees, applicants and potential applicants as a class in hiring, job assignments, compensation, promotions, transfers, layoffs, re-hiring, recalls from layoffs, terminations, disciplines, evaluations, continued employment and other terms and conditions of employment.

I believe I have been discriminated against on the bases of my sex and race in violation of Title VII of the Civil Rights Act.

*Priscilla Williams*

Charging Party

6-5-2016

Date

RECEIVED

JUN - 7 2016

**E.E.O.C.
BIRMINGHAM DISTRICT**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974, See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 420-2016-02441 |

and EEOC

**PLAINTIFF'S EXHIBIT 2**

State or local Agency, if any

NAME *(Indicate Mr., Ms., Mrs.)*
Ms. Priscilla Williams

HOME TELEPHONE *(Include Area Code)*

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▓▓▓▓▓▓▓ | Attalla, AL 35954 | ▓▓▓▓ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Goodyear Tire & Rubber Co. | Over 15 | (256) 549-2228 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 922 E. Meighan Blvd. | Gadsden, AL 35903 | Etowah |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| United Steel Workers Local #12 | (256) 546-4633 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 110 Hoke Street | East Gadsden, AL 35903 | Etowah |

**RECEIVED**

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| [X] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION |
|---|---|---|---|
| [ ] RETALIATION | [ ] NATIONAL ORIGIN | [ ] DISABILITY | [ ] OTHER |

**JUN 07 2016**
AGE
E.E.O.C.
BIRMINGHAM DISTRICT

DATE DISCRIMINATION TOOK PLACE
EARLIEST *(ADEA/EPA)*    LATEST *(ALL)*
February 2016

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, Priscilla Williams (African-American female), was hired by Goodyear Tire & Rubber Co. on July 20, 2015. I was trained with three other employees. Shortly after my hire, I began to be harassed and discriminated against based on my gender, female, and race, African-American by my Area Managers, Jim Curlin (Caucasian) and Ryan Moody (Caucasian). I have been written up on numerous occasions for alleged workmanship infractions and other alleged offenses by Curlin and Moody. I went to Rob McNeely, Human Resources Department (Caucasian), and complained that I was not having the bad tires, and that someone else had started the press. Upon information and belief, I am being treated differently based on my sex and race. (Continued on the attached sheet).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

6/6/2016    *[signature]*
Date    Charging Party *(Signature)*

NOTARY - *(When necessary for State and Local Requirements)*
Ella Thompson

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*[signature] Priscilla Williams*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, and year)*    6   6   2016

*[Notary seal: ELLA THOMPSON, COMMISSION EXPIRES FEBRUARY 18, 2017, NOTARY PUBLIC, STATE OF ALABAMA]*

EEOC FORM 5 (10/94)

Priscilla Williams - EEOC Charge
Page 2

*02441*

The Respondent has also engaged in a pattern or practice of disparate treatment and/or disparate impact against: (1) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole and (2) female employees, applicants and potential applicants for employment throughout the company as a whole. Such pattern or practice has adversely affected (a) African-American and other black employees, applicants and potential applicants for employment, including myself, as a class and (b) female employees, applicants and potential applicants for employment throughout the company, including myself, as a class.

On information and belief, all such race and sex disparate treatment has adversely affected me and other African-American, female employees, applicants and potential applicants as a class in hiring, job assignments, compensation, promotions, transfers, layoffs, re-hiring, recalls from layoffs, terminations, disciplines, evaluations, continued employment and other terms and conditions of employment.

I believe I have been discriminated against on the bases of my sex and race in violation of Title VII of the Civil Rights Act.

*Priscilla Williams*

Charging Party

*6-5-2016*

Date

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Priscilla S. Williams<br><br>Attalla, AL 35954 | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |
|---|---|

**PLAINTIFF'S EXHIBIT**

**3**

|  | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-02440 | MICHAEL G. ALBERT,<br>Investigator | (205) 212-2111 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

APR 2 5 2017

*(Date Mailed)*

cc:   **GOODYEAR TIRE & RUBBER**
Jay St. Clair
Littler Mendelson PC
420 20th Street North
Suite 2300
Birmingham, AL 35203

H. W. Blizzard
WIGGINS,CHILDS,PANTAZIS,FISHER GOLDFARB
The Kress Building
301 19th Street North
Birmingham, AL 35203

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Priscilla S. Williams | From: Birmingham District Office |
|---|---|
| Attalla, AL 35954 | Ridge Park Place 1130 22nd Street Birmingham, AL 35205 |

**PLAINTIFF'S EXHIBIT**

**4**

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-02441 | MICHAEL G. ALBERT, Investigator | (205) 212-2111 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Delner Franklin-Thomas,
District Director

APR 2 5 2017

*(Date Mailed)*

cc:   **UNITED STEEL WORKERS LOCAL #12**
c/o Keren Wheeler
Assistant General Counsel
5 Gateway Center
Pittsburgh, PA  15222

**H. W. Blizzard**
WIGGINS,CHILDS,PANTAZIS,FISHER,GOLDFARB
The Kress Building
301 19th Street North
Birmingham, AL 35203